CHARLES PENWELL, APPELLEE, V. RAY ANDERSON ET AL., APPELLANTS.

FILED OCTOBER 27, 1933. No. 28919.

*Deutsch & Stevens,* for appellants.

*Hugh J. Boyle* and *Moyer & Moyer, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and SHEPHERD, District Judge.

GOOD, J.

This action was brought under the workmen's compensation law. Plaintiff, the workman, recovered a judgment, and defendants have appealed.

Defendants contend that plaintiff's injury is not compensable under the Nebraska law because plaintiff was employed to work in the state of Texas where his injury occurred.

From the record the following facts appear: Plaintiff and defendant Anderson, the employer, are residents of Tilden, Nebraska. Anderson is engaged in operating a number of trucks in hauling gravel, paving material and dirt. He owned 20 or more trucks and took contracts for hauling principally in Nebraska, but also in other states, particularly Iowa, South Dakota and Texas. Plaintiff had been in Anderson's employ for about nine years, acting as foreman and mechanic and keeping the trucks in operating condition. Ordinarily, plaintiff's wages were $100 a month, but, when he was working as foreman and mechanic on contracts out of the state, he received a larger amount. Anderson entered into a contract for hauling paving material in the state of Texas. He directed plaintiff to take 10 of the trucks to Texas and superintend the work of this particular contract, and informed him that his wages would be $125 a month while there. After the particular contract was completed, two other contracts were obtained in the state of Texas, and plaintiff remained as foreman and mechanic upon those jobs. While at work as a mechanic on one of the trucks on the last of the three jobs in Texas, he received an injury to his left eye, which entirely destroyed its sight and necessitated the removal of the eyeball.

The record shows that Anderson's principal place of business is in Tilden, Nebraska, where he had lived for many years; that it was the intention, when the jobs were completed in Texas, that plaintiff should bring the trucks to Nebraska, where plaintiff continued in Anderson's employ. While the work was being performed in Texas,

Anderson had other contracts in Nebraska where the remaining, or at least some of the remaining, trucks were engaged. It also appears that a part of plaintiff's wages while he was working in Texas was paid to him or to his wife in Nebraska. It is conceded that plaintiff suffered an accidental injury arising out of and in the course of his employment. The question is: Is plaintiff entitled to compensation under the law of Nebraska?

The workmen's compensation law was enacted for the purpose of requiring industry to bear a part of the burden occasioned by accidental injuries to the workmen engaged therein when such injuries arise out of and in the course of the employment. In determining whether the compensation act is applicable to a particular case, it is of prime importance to determine the location of the industry. If the industry in which the workman is employed is located in this state, he is, ordinarily, entitled to the protection of the Nebraska compensation law, and this applies even though his injury may occur in another state, if the work that he was doing was a part of the industry being carried on in this state or was incident thereto. Domicile of the employer or employee and the place where the contract was entered into are not, in themselves, controlling, although those facts may be circumstances to aid in ascertaining whether the industry is located within the state.

Counsel for defendants seems to think that our former decisions are not harmonious and some of them not based upon sound principles. We fear counsel has not read the decisions understandingly. He criticizes the holding of this court in *McGuire v. Phelan-Shirley Co.*, 111 Neb. 609. In that case the industry was located in Nebraska. The workman was required to perform some service, incident thereto, in the state of Iowa, where he was injured, and it was held that he was entitled to compensation under the law of this state.

Counsel also criticizes the opinion in *Stone v. Thomson Co.*, 124 Neb. 181. In that case the industry was carried

on in this state, but the employer sent its employees to various adjoining states in the performance of certain contracts, and employed the plaintiff to work at a point in Kansas, where he was injured. It was held that the work in Kansas was incidental to the industry which was carried on in Nebraska, and that an action for compensation was maintainable in this state.

In *Skelly Oil Co. v. Gaugenbaugh,* 119 Neb. 698, the employer was engaged in an industry carried on in this state, and it required one of its employees to work in southwestern Iowa, but reporting weekly to the main office in Omaha, Nebraska. The employee was injured in Iowa. It was held that his work there was incidental to and a part of the industry carried on in Nebraska, and that he was entitled to compensation.

In *Esau v. Smith Bros.,* 124 Neb. 217, the employer was domiciled in Texas and was engaged in laying a gas pipe line through the states of Kansas, Nebraska and Iowa. At the start of the work, the industry being served was located in Kansas. The employee had work there. After the work was practically finished in Kansas, the seat of the industry was moved to the state of Nebraska where the workman was injured while here employed. It is apparent in that case that the only location of the industry being served at that time was in Nebraska, and it was held that the workman was entitled to recover under the Nebraska law.

On the other hand, in *Watts v. Long,* 116 Neb. 656, the contract of employment was entered into in Nebraska, the work to be performed in Kansas. The employer at that time had no place of business and was carrying on no industry in the state of Nebraska. The industry was located in Kansas where the employee was injured. It was held that he was not entitled to recover. In that case, referring to the workmen's compensation law, it was further held: "Such law is applicable where the employer is engaged in any trade, business, profession, or avocation in this state and the employee, while per-

forming work incident to such business in another state, is there injured."

*Freeman v. Higgins*, 123 Neb. 73, is a case where the employer resided in this state, and the employee was also a resident of this state, but the industry in which the workman was engaged was located in Wyoming, where the contract of employment was made and where the injury occurred. The employer was not operating any industry in this state, and the employment was not incidental to any industry being carried on in this state. It was there held that the workman could not recover under the workmen's compensation law of Nebraska.

Through all these cases, it is apparent that the prime question is whether the workman is employed in an industry which is being carried on in this state. If so, and the workman is injured in another state while employed in work incident to the industry in this state, he is under the protection of the Nebraska workmen's compensation law.

Counsel has cited and referred to many cases from other jurisdictions. An examination of the workmen's compensation laws of other states leads us to the conclusion that the decisions from those states can afford us little aid. The workmen's compensation laws of most of the states provide, in terms, for their application extraterritorially under certain prescribed conditions, and in other states limit their application to injuries occurring in the state. In some, the statute applies only where the contract was entered into in the state. A few of the other states, like Nebraska, do not have any specific provision in their compensation laws as to extraterritorial operation. Wisconsin appears to be one of such states.

In *Anderson v. Miller Scrap Iron Co.*, 169 Wis. 106, it was held: "Where a contract of employment was made in Wisconsin and both parties thereto were residents of this state and were subject to our workmen's compensation act, their rights and liabilities in case of injury to the employee must be determined in the courts of this

state in accordance with the provisions of said act, whether the injury occurred within or without the state." On rehearing the opinion was adhered to in *Anderson v. Miller Scrap Iron Co.*, 169 Wis. 119. In that case the employer had its principal place of business in Wisconsin where it transacted the major part of its business. The workman had been a regular employee and most of his work had been within that state, but the employer had purchased scrap iron in Michigan. The employee was engaged in gathering this scrap when he was injured in Michigan. The court held that plaintiff was entitled to recover, and while the opinion laid stress on the point where the contract was made, the facts are quite similar to the situation in the present case, and to that in a number of other decisions of this court, to which reference has been hereinbefore made.

In our view, the industry in which the plaintiff was engaged was a Nebraska industry. The performance of the work in Texas was incidental to the industry being carried on in this state. The employer in this case had no permanent industry in Texas or in any other state, so far as the record discloses. The work being carried on in Texas was of a temporary nature, and the workman, with all the employer's trucks, returned to Nebraska upon the conclusion of the specific work in Texas, and resumed his employment here. We hold that that work was merely incidental to the industry carried on in Nebraska, and that the plaintiff was within the protection of the Nebraska workmen's compensation law.

Plaintiff is allowed an attorney's fee of $200 for services in this court, to be taxed as a part of the costs.

The judgment of the district court is right and is

AFFIRMED.