OPAL L. McRAE, APPELLEE, V. A. W. ULRICH, INC., DOING BUSINESS AS ULRICH OIL COMPANY, ET AL., APPELLANTS.

22 N. W. 2d 697

FILED MAY 3, 1946. No. 32063.

*Baylor, Bloss & Evnen* and *Davis, Stubbs & Healey,* for appellants.

*Sackett, Brewster & Sackett* and *Carroll D. Smith,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

MESSMORE, J.

This is a compensation case brought by Opal L. McRae as plaintiff, widow of Duncan McRae, deceased, to recover death benefits due to an accident arising out of and in the course of Duncan McRae's employment with A. W. Ulrich, Inc. The action was tried before the Nebraska Workmen's Compensation Court where a judgment was rendered in favor of the plaintiff. Upon appeal, the action was heard before the district court for Lancaster County where a judgment was entered in favor of the plaintiff, from which judgment, after the overruling of the motion for new trial, defendants appeal.

The appellant, A. W. Ulrich Inc., will, for convenience, hereinafter be referred to as the corporation, and the appellant insurance carrier requires no mention in the determination of this appeal.

The record discloses that Opal L. McRae and Duncan McRae were married October 28, 1939, at Blue Rapids, Kansas, where they resided, together with their minor daughter, until May 17, 1944, when Duncan McRae was killed in an accident at or near Waterville, Kansas. Previous to April 17, 1944, Duncan McRae was in the employ of the Herman Oil Company, but due to a prospective transfer to Omaha where he did not want to move, he delivered a transport truck of the company to Omaha and returned home by way of West Point, Nebraska, where he entered the employment of the corporation as a gasoline transport driver, on or about April 17, 1944. His first assignment was from West Point, Nebraska, to Marysville, Kansas, in what is termed a "two man relay," the route from West Point, Nebraska, to Marysville, Kansas, constituting the north end of the run, and the route from Marysville, to El Dorado, Kansas, where a refinery is located, constituting the south end of the run. He was paid on a

trip basis once a week an average wage of $50 a week. The corporation maintains one principal office in West Point, Nebraska, and no office at any other place. A few days prior to May 17, 1944, Duncan McRae was transferred to the south end of the relay run, having agreed with another driver for the corporation to change from the north end of the run to the south end of the run every so often so each could have a change in driving. The assignment on the south end of the run consisted of driving an empty petroleum transport truck from Marysville, Kansas, to El Dorado, Kansas, where it was loaded and returned to Marysville, Kansas.

The general nature of the corporation's business is to buy and sell, at retail or wholesale, all kinds of gasoline, oil, automobile supplies, parts, accessories, and other products and accessories of every nature and description, and to establish and maintain filling stations, bulk plants, and stores for such purposes. The corporation was licensed by the Interstate Commerce Commission for common carrier transport in the states of Iowa, Nebraska, Missouri, and Kansas. The majority of the operations were on short haul common carrier operations in Nebraska.

The corporation sets forth that it is engaged in three separate businesses, the operation of a filling station and sale of automobile accessories at West Point, Nebraska, the operation of a cafe at such point, and, in addition, is a licensed common carrier for transportation of petroleum products; that Duncan McRae was employed in the common carrier branch of the business or industry, which constituted approximately 10 to 15 percent of the business of the corporation insofar as the corporation's filling station was concerned; and that due to the nature of the common carrier business, coupled with the fact that at the time of the fatal accident Duncan McRae was working solely for the corporation in the state of Kansas, the extent of his employment in this part of the corporation's business is such that it does not fall within Workmen's Compensation Act of Nebraska.

We are not in accord with the corporation that the Nebraska Workmen's Compensation Act is not applicable. The reason therefore will hereafter appear in the opinion.

On May 17, 1944, while engaged in driving the petroleum transport for the corporation from Marysville, Kansas, to El Dorado, Kansas, and after completing his first trip on this assignment and starting on the second trip, Duncan McRae, the driver, was killed in a wreck at or near Waterville, Kansas.

The Nebraska Workmen's Compensation Act contains no express provision regarding accidents which may occur outside of the state of Nebraska. However, section 48-186, R. S. 1943, provides that in all cases where the accident occurred outside of the state of Nebraska, the hearing before a judge of the Nebraska Workmen's Compensation Court shall be at Lincoln, Nebraska, unless otherwise stipulated by the parties, and that all such cases upon appeal to the district court, unless otherwise stipulated, shall be heard in the district court for Lancaster County, Nebraska.

It is apparent from this provision of the statute that the Nebraska Workmen's Compensation Act does contemplate that its terms shall apply to workmen who are employed in Nebraska industries, even though their injury may occur in the performance of their duties as such workmen in another state.

The principal assignment of error advanced by the corporation is that the findings of fact are not conclusively supported by the evidence, and are contrary to law.

The principal questions for determination in this case are whether the corporation was carrying on a business or industry within the state of Nebraska on May 17, 1944, at the time that Duncan McRae sustained personal accidental injuries resulting in his death arising out of and in the course of his employment as a transport truck driver for the corporation, and whether the work he was doing at that time was a part of the industry being carried on in the state of Nebraska by the corporation.

In this connection, the case of Penwell v. Anderson, 125

Neb. 449, 250 N. W. 665, sets forth the following: "In determining whether the compensation act is applicable to a particular case, it is of prime importance to determine the location of the industry. If the industry in which the workman is employed is located in this state, he is, ordinarily, entitled to the protection of the Nebraska compensation law, and this applies even though his injury may occur in another state, if the work that he was doing was a part of the industry being carried on in this state or was incident thereto. Domicile of the employer or employee and the place where the contract was entered into are not, in themselves, controlling, although those facts may be circumstances to aid in ascertaining whether the industry is located within the state."

The record in the instant case establishes the principal place of business of the corporation was, and is, in the state of Nebraska. The deceased, Duncan McRae, was employed by such corporation in Nebraska. His wages were paid from the main office of the corporation located at West Point, Nebraska, where all the books of the corporation are kept. The phase of the corporation's business in which Duncan McRae was employed consisted in the major part of short haul common carrier operations in Nebraska. From approximately April 17, 1944, to within a few days of May 17, 1944, Duncan McRae was employed exclusively as a driver of a petroleum transport truck from West Point, Nebraska, to Marysville, Kansas. He transferred, by agreement with another employee, to the Marysville-El Dorado, Kansas run. At El Dorado, Kansas, the petroleum was procured, driven north to Marysville, Kansas, and brought into the state of Nebraska, taken to West Point, Nebraska, and there handled by the corporation. The oil transport truck involved in the fatal accident was the property of the corporation and engaged in its business at the time of the accident. It is obvious that the work performed by Duncan McRae at the time of his death, caused by an accident arising out of and in the course of his employment with the corporation, was incidental to

the industry of such corporation in the state of Nebraska.

This disposes of the contention of the corporation previously set forth.

The principle of law announced in the case of Penwell v. Anderson, *supra*, governs. The Workmen's Compensation Act of this state is applicable where the employer is engaged in a business in this state, and the employee, while performing work in another state incident to such business, suffers disability, caused by an accidental injury arising out of and in the course of his employment. See, also, McGuire v. Phelan-Shirley Co., 111 Neb. 609, 197 N. W. 615; Stone v. Thomson Co., 124 Neb. 181, 245 N. W. 600; Skelly Oil Co. v. Gaugenbaugh, 119 Neb. 698, 230 N. W. 688; Esau v. Smith Bros., 124 Neb. 217, 246 N. W. 230.

Within the contemplation of section 48-125, R. S. 1943, the corporation having appealed from the judgment and award of the district court to this court, and having failed to obtain any reduction in the amount of the award, the attorneys for appellee are allowed $150 for their services in this court.

The judgment and award of the district court is affirmed.

AFFIRMED.