JOHN B. WATTS, APPELLANT, V. JAMES G. LONG, APPELLEE.

FILED MARCH 14, 1928. No. 26304.

*Montgomery, Hall, Young & Johnsen,* for appellant.

*Bartos, Bartos & Placek, contra.*

Heard before Goss, C. J., Rose, Good, Eberly, Thompson and Howell, JJ., and Redick, District Judge.

Redick, District Judge.

This is a proceeding under the workmen's compensation law of Nebraska for injuries sustained by the employee, Long, while in the employ of Watts on a paving job at Hiawatha, Kansas. The employee, Long, will be referred to as the plaintiff, and the employer, Watts, as the defendant. The facts and circumstances giving rise to the claim are substantially as follows: Watts was a paving contractor, residing and having his principal place of business at Concordia, Kansas, and his business covered contracts for that work in both Kansas and Nebraska, and he carried compensation insurance for both states under one policy. He maintained no place of business or branch office in Nebraska other than temporary quarters required for the prosecution of work upon Nebraska contracts. In 1925 he had a contract for paving at Wymore, Nebraska. He moved his asphalt plant to Wymore, together with a regular crew for the accomplishment of the work, but for the common labor required employed local men. Among others plaintiff was employed at Wymore. This job was completed July 27, 1925, and about that date an arrangement was made between plaintiff and defendant's foreman that plaintiff should go to Hiawatha, Kansas, and work for defendant in the prosecution of a paving contract at that

place. At this time defendant had finished the Wymore contract and had no other contracts for paving in the state of Nebraska, but expected to procure further contracts if and when any such were let and defendant was the lowest bidder thereon. Late in August, and in September, 1925, defendant did procure other contracts for paving in Nebraska. In pursuance of the arrangement above referred to, plaintiff, about August 1, 1925, in an automobile loaned to him by Watts for that purpose, drove to Hiawatha, Kansas, accompanied by his family in another automobile. Upon plaintiff's arrival in Kansas plaintiff immediately began work for defendant as a helper and machinist. On December 17, 1925, while assisting in loading a tank onto a flat-car at Hiawatha, plaintiff slipped and fell to the ground, fracturing his right hip, which is the injury for which he claims compensation. After completion of the job in Kansas, and about February 4, 1926, plaintiff returned to Wymore with some of the gang, and the paving machinery and plant were shipped back to Wymore in March, 1926, preparatory to performing the contracts of August and September above mentioned. Long continued to work for defendant in Kansas after his injury, and a short time in Nebraska after his return, but was finally compelled to cease work on account of his injury. Long testifies that his arrangement or contract with defendant's foreman, Roush, in July 1925, was in substance that he should go to Kansas and work for defendant until the jobs were completed and then return to Nebraska and work for defendant on the new contracts. Plaintiff was allowed full compensation by the commissioner, but required to submit to an operation which the evidence tends rather conclusively to show would remove the disability from which he suffers. Both parties appealed to the district court, the defendant from the allowance of any compensation, and the plaintiff from the order requiring him to submit to an operation. In the district court the allowance of full compensation was granted without any condition, and defendant appeals.

It is the claim of the plaintiff that, by reason of the

fact that his contract of employment was made in this state and the defendant was engaged in carrying on an industry in this state and had elected to come under the workmen's compensation law and taken out insurance in compliance with that law, his right to compensation for his injury is governed by the laws of this state. On the other hand, it is the claim of the defendant (a) that the arrangement between Long and Roush did not constitute a binding contract, (b) that at the time of plaintiff's injury the defendant was not conducting any industry in this state, and that, therefore, (c) the courts of this state are without jurisdiction to award compensation to plaintiff.

The first question for determination is whether the injuries of plaintiff are to be compensated under the laws of Nebraska or Kansas. Plaintiff claims protection under Nebraska law for the following reasons: (1) That the contract of employment was made in Nebraska; (2) that defendant was engaged in carrying on an industry in this state; (3) that plaintiff's employment in Kansas was an incident to the Nebraska industry.

Of these in their order:

1. The defendant denies that any contract was made in Nebraska, on the grounds (a) that the agent of plaintiff with whom negotiations were had was not authorized to make the contract, and (b) that, assuming his authority, the evidence is not sufficient to establish a binding contract.

The facts are that plaintiff was working for defendant upon a job at Wymore, Nebraska, which was finished July 27, 1925; that about that time, at Wymore, defendant's foreman, Roush, asked plaintiff if he would go to Kansas and work for them, saying he would pay him 50 cents an hour, and plaintiff said he would go. Considering the usual informality of contracts of hiring of common laborers, the above would seem to be sufficient to establish a contract. But a few days later plaintiff, using an automobile loaned him by Watts, drove to Hiawatha, Kansas, his family accompanying him in another automobile, and

upon arrival went to work for defendant. Under these conditions the question of Roush's authority is unimportant. It may therefore be deemed established that, at Wymore, Nebraska, defendant hired plaintiff to work for him at Hiawatha, Kansas, at 50 cents an hour.

2. The defendant was engaged in the business of paving highways with brick and asphalt; this was the industry to be charged under compensation acts; his business involved contracts in Kansas and Nebraska; his principal place of business was Concordia, Kansas; he maintained no place of business in Nebraska, only offices at the places where contracts were being performed, for purposes connected with such contracts; he carried employers' liability insurance in one policy covering both states, Long being listed as an employee in Kansas at the time of his injury; at the time of the contract of employment of plaintiff, defendant had finished his last contract in Nebraska, and shortly thereafter removed his machinery and plant to Hiawatha; defendant had no contracts in Nebraska at that time, but expected others if, when offered, his bid were lowest; later in August and September, 1925, he obtained other contracts to be entered upon the following spring.

From these facts it follows that defendant was carrying on an industry in the state of Nebraska at such times as he had contracts for paving, but that he had no contracts, nor any certainty of contracts in the future, at the time of the contract with plaintiff. True, plaintiff said the understanding was that when they were through in Kansas they would come back to Nebraska, but this was evidently conditional upon defendant securing contracts.

3. The contract was not an incident to the industry carried on in Nebraska. It had special and sole reference to work in Kansas. There was no work in that industry in Nebraska at the time, and the defendant might never obtain another contract in that state.

We now return to the main question: Is plaintiff compensable under the workmen's compensation act of Nebraska? A goodly part of the briefs of counsel is devoted

to the discussion of the extra-territorial operation of compensation statutes, *i. e.,* whether compensation will be decreed in one state where the accident occurred in another. But this question has been set at rest in Nebraska by the case of *McGuire v. Phelan-Shirley Co.,* 111 Neb. 609, holding: "A resident of Nebraska entered into a contract in this state with a Nebraska corporation, having its principal place of business in Omaha, to perform certain labor for the corporation in Iowa, as its employee. While engaged in the allotted work in Iowa the employee incurred serious injuries. *Held,* that, under the employers' liability act, the subsequent proceedings for compensation are maintainable in Nebraska." That case, however, is not controlling here because the principal place of business of defendant was in this state, and it was in connection with the carrying on of that industry in this state that the plaintiff was employed to go to Iowa. Both parties being residents of Nebraska, the contract had a direct connection with and was an incident to the industry carried on by defendant in Nebraska. In such situation there could be no question but that it was the intention of the parties that the laws of Nebraska should govern. In the instant case plaintiff was a resident of Nebraska, defendant of Kansas, having his principal place of business in that state, and not actually carrying on *any* industry in Nebraska.

The location of the industry is important as a simple illustration will demonstrate. A corporation or individual engaged in the plumbing business in New York City sends an agent to Chicago to employ a plumber to work in New York. A contract is entered into in Chicago, and employee goes to New York and is injured in line of his duties in that state. Can it be reasonably claimed that the employee may seek compensation under the laws of Illinois? We confidently answer no. To go one step further with our illustration, suppose the employer had a branch house in Chicago, and the employee worked therein? The answer to the question would still be "no," for the simple reason that the accident was not referable to the industry carried

on in Chicago, but to that in New York. But plaintiff argues that, the contract having been made in Nebraska, the law of that state governs. The general rule is well established that, where the place of the contract and the place of performance are the same, the law of the place where made will govern the contract; but it is equally well established that, where the contract is made in one place to be executed in another, it will be governed by the law of the place of performance. *Andrews v. Pond,* 13 Pet. (U. S.) *65; *London Assurance v. Companhia De Moagens,* 167 U. S. 149; *Hall v. Cordell,* 142 U. S. 116; *Leader Specialty Co. v. Chapman,* 85 Ind. App. 296.

Plaintiff cites *Pierce v. Bekins Van & Storage Co.,* 185 Ia. 1346. In that case the defendant's business was localized in Sioux City, Iowa, where plaintiff resided and was hired, and plaintiff was injured in Nebraska while driving a moving van of defendant from Sioux City to Homer, Nebraska. This case was cited and followed in *McGuire v. Phelan-Shirley Co., supra,* and goes no further than that case.

Also, *Grinnell v. Wilkinson,* 39 R. I. 447. In that case both parties were residents of Rhode Island, and it was conceded they were subject to the provisions of the workmen's compensation act of that state. Moreover, the injury was received in Connecticut while completing a piece of carpenter work begun in Rhode Island.

Also, *Crane v. Leonard, Crossette & Riley,* 214 Mich. 218. Plaintiff was in the employ of defendant, an Ohio corporation authorized to do business in Michigan, and engaged in buying and shipping produce at about 40 points in that state. Defendant had elected to come under the workmen's compensation act of that state. Crane, the employee, accompanied a shipment of potatoes in the line of his employment to Chicago, where he was killed. The only defense was that the accident occurred outside the state of Michigan. None of these cases nor those cited by defendant are identical in their facts with the case at bar, and it is fair to state that we have found none which are. That the mere

fact of the contract being made in this state is not controlling is supported by the following cases: *In re Smith v. Heine Safety Boiler Co.*, 224 N. Y. 9. The contract was made in New York. Defendant was a Missouri corporation having factories in that state and in Pennsylvania. The accident occurred in Maine. *Ginsburg v. Byers*, 171 Minn. 366, where the contract was made in Iowa for work to be performed in Minnesota. The facts in that case were almost identical with the one at bar, but claim was made in Minnesota. The syllabus is as follows:

"The defendant was engaged in road-building in Minnesota and lived there. He built roads in Iowa and the plaintiff worked for him there. He hired the plaintiff, in Iowa, to come into Minnesota and work for him after finishing the Iowa work, and while so working the plaintiff was injured. It is held that plaintiff was under the Minnesota compensation act."

The case is authority for holding that the claim of plaintiff in this case should be presented to the Kansas courts. If in that case the claim had been made in Iowa it would have been on all fours with this. *Johnson v. Nelson*, 128 Minn. 158, in which it was held that, though the contract was made in Minnesota, it was to be performed in Wisconsin, where the accident occurred, and defendant having elected to come under the compensation act, plaintiff could look for redress only under that act. In *Anderson v. Jarrett Chambers Co.*, 206 N. Y. Supp. 458, it was held: "Where employee was injured in another state, place of contract is not necessarily controlling in determining liability under workmen's compensation law, and in absence of evidence that employer was engaged in hazardous occupations in this state, and that claimant's work was incidental thereto, award must be reversed."

The case of *Donohue v. Robertson Co.*, 205 App. Div. (N. Y.) 176, although not from the highest court of that state, deserves special consideration on account of its logic and close application to the facts of the instant case. The employer was a Pennsylvania corporation engaged

in the business of fireproof construction in several states. The contract of employment was made in New York, where the claimant resided. The claimant worked on a roofing job for defendant at Ebenezer and remained continuously in that employment, moving to various places in Pennsylvania, and then to Washington, D. C., where he received the injury for which he received compensation in proceedings instituted in New York. Compensation was allowed by the industrial board, but the award was reversed upon appeal. The court said:

"Apparently the state industrial board has made an award upon the theory that jurisdiction was obtained through the making of a contract of employment in this state under the authority of *In re Post v. Burger & Gohlke,* 216 N. Y. 544. The decision in that case, however, has been distinguished. (Citing cases.) The place of the contract is not necessarily controlling. The workmen's compensation law involves an exercise of the police power of the state, and 'does not attempt to regulate the duty of foreign employers in the conduct of their business within foreign jurisdictions. * * * A duty is imposed by law on employers conducting a hazardous employment in New York to insure their workmen against injury, and the insurance covers injuries incidental to that employment though suffered in another state. * * * The duty to insure does not outlast the existence within our borders of the business or relation which calls it into life. *In re Smith v. Heine Safety Boiler Co.,* 224 N. Y. 9.

"The real question in the case is whether at the time of the accident the employer was carrying on a hazardous employment within the state of New York and whether the claimant suffered an injury incidental to that employment though suffered in another state." The opinion closes as follows: "It seems that this employer, a foreign corporation, carried compensation insurance with another insurance company for its business done outside the state of New York and that the appellant carrier (the insurance company) furnished a policy which by its terms covered

only the business conducted within the state of New York. If the appellant carrier is to be held liable under this policy, it must be for injuries sustained by virtue of the conduct of the business of the employer within the state of New York or work outside the same but incidental to the New York business."

Applied to the present case, as regards the liability of the insurance company, the result of that decision is that compensation for injuries received must be sought in the state where the industry is being carried on.

What is the situation here? Assuming the existence of a binding contract in the terms claimed by the plaintiff, it had specific reference to work to be performed in the state of Kansas. The defendant at the time had no contracts for and was not engaged in any work in the state of Nebraska and, therefore, was not carrying on any industry in this state to which the contract was referable or to which the work in Kansas was an incident. The argument of plaintiff that the work in Kansas was incidental to the industry carried on in Nebraska by reason of the provision that upon completion of the work in Kansas plaintiff should return to work for defendant in Nebraska is unsound for the reason that at that time there was no work in Nebraska to which the provision might be applied and none might ever be secured. This provision, therefore, falls for want of a subject, or at least lay dormant until further contracts were secured.

It is well established that the law of the state in which a contract is made and is to be performed is considered as written into and becomes a part of and governs the contract; but, where a contract made in one state is to be performed in another, the rule is equally well established, as hereinbefore noted, that the law of the place of performance governs the contract. We are, therefore, of opinion that when the parties entered into the contract in question for the performance of work in the state of Kansas, the workmen's compensation law of Kansas became a part

of the contract so far as that work was involved, and that plaintiff must seek compensation in that state.

We conclude that the courts of this state are without jurisdiction in the premises, on the ground that plaintiff's employment was not incidental to any industry conducted in this state, and that, in fact, no such industry was being conducted at the time of plaintiff's injury, and that the district court and commissioner erred in holding to the contrary. In view of this conclusion, it will not be necessary to discuss the other matters presented by the briefs.

It is therefore ordered that the judgment of the district court be reversed and the proceedings dismissed.

REVERSED AND DISMISSED.