CHARLES FREEMAN, APPELLEE, V. THOMAS HIGGINS ET AL., APPELLANTS.

FILED APRIL 8, 1932. No. 28188.

John C. Hartigan and Sanden, Anderson & Gradwohl, for appellants.

Frank M. Coffey, contra.

Heard before Goss, C. J., Rose, Dean, Good, Day and Paine, JJ., and Lovel S. Hastings, District Judge.

Day, J.

This is a suit under the workmen's compensation act for injuries sustained in Wyoming. It is unquestioned that the plaintiff was injured in the course of his employment and that an award is proper provided the plaintiff comes within the provisions of the Nebraska compensation act. The employer, who is the appellant here, hereinafter referred to as the defendant, contends that (1) the contract of employment was made and was to be performed in Wyoming, which fact removed the parties from the jurisdiction of the courts of Nebraska; (2) assuming that the contract of employment was made in Nebraska, the courts of Wyoming have exclusive jurisdiction, since the industry was entirely carried on in Wyoming and the work there was not incidental to any work in Nebraska; (3) the value of board and lodging should not be considered in computing the amount of plaintiff's wages. On the other hand, it is the contention of the plaintiff that the contract of employment was made in Nebraska between parties resident in Nebraska and that the work carried on in Wyoming was incidental to the business localized and carried on in Nebraska.

The defendant Higgins was a contractor living at Fairbury, Nebraska, who had secured a contract for grading construction work for the Union Pacific Railroad Company in the state of Wyoming. The plaintiff was a resident of Avoca, Nebraska, and worked for the defendant as a "drag line oiler" upon the work in Wyoming where he was injured. There is considerable argument concerning his employment which is not justified by the evidence in the record. The plaintiff had been employed by the contracting firm of Callahan & Walker, which at the time in question did not have employment for him. Its timekeeper suggested that he go to work for Higgins on the Wyoming job and sent him to an employment agency who secured free transportation to Pine Bluff on the Union Pacific

railroad, the situs of defendant's project. At this time the defendant's only project was the one at Pine Bluff, Wyoming, for the Union Pacific railroad. He had no contract and no work within the state of Nebraska. It is the contention of the plaintiff that Callahan & Walker's timekeeper was the agent of the defendant Higgins and that through him the contract of employment was made. It appears that the extent of activity of this so-called agency was to refer the plaintiff to a place where he could secure a job. When the plaintiff arrived at the work in Wyoming he had some discussion with the foreman and the defendant relative to the wages he was to receive. He refused to work for the amount they would pay, but after some discussion they entered into an agreement with reference to the wages and the plaintiff agreed to work. The evidence does establish, therefore, that the contract of employment was not entered into in the state of Nebraska, but rather in the state of Wyoming.

The defendant was engaged in the business of "grading contractor" and his sole business at the time of the employment of the defendant was construction work in the state of Wyoming. There is no evidence that he had his principal place of business in Nebraska or that he maintained any place of business in Nebraska. The plaintiff was listed as an employee in Wyoming at the time of his injury. These facts bring the case within the rule of *Watts v. Long*, 116 Neb. 656, from which we paraphrase the conclusion that at the time in question the defendant was carrying on an industry in the state of Wyoming.

Neither was this contract incidental to the industry carried on in Nebraska. The contract was entered into solely with reference to the work in Wyoming and there was no expectation that the plaintiff would ever be employed in the state of Nebraska. The rule announced in *Watts v. Long, supra,* is conclusive upon this question. We content ourselves with a reference to the able and comprehensive discussion of this question in that case, which is controlling here. This opinion cites and discusses all the Nebraska cases applicable. No good purpose would

be served by another discussion. We approve the rule announced therein and adhere to it.

We conclude that the courts of this state are without jurisdiction in the premises on the ground that the plaintiff's employment was not in an industry in Nebraska and not incidental to any industry conducted in this state. In this view of the case it is unnecessary to discuss whether the value of board and lodging should be considered in computing the amount of plaintiff's wages. It therefore follows that the judgment of the district court should be and is hereby reversed and the suit dismissed.

REVERSED AND DISMISSED.