JAMES RIGG, APPELLANT, V. ATLANTIC, PACIFIC & GULF OIL COMPANY, APPELLEE.

FILED JULY 9, 1935. No. 29544.

*Anson H. Bigelow,* for appellant.

*Crossman, Munger & Barton* and *W. G. Richard, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ.

DAY, J.

This is a compensation case. The state compensation commissioner did not award compensation. The plaintiff appealed to the district court, where a judgment was entered in favor of defendant, from which plaintiff appeals to this court. The injury of the plaintiff in the course of his employment, the amount of the wages paid, and some degree of permanent disability as a result were admitted facts.

There were two primary issues presented to the trial court aside from the extent of the disability. One was that the plaintiff, Rigg, was not at the time of the injury an employee of the defendant, Atlantic, Pacific & Gulf Oil Company, but was the employee of the Pennsylvania Consumers Oil Company. The other issue was that the plaintiff was not compensable for his injuries under the Nebraska law for want of jurisdiction of the subject-matter.

In view of the conclusion of this court as to the second issue presented, the first is not so important in the determination of this case. However, it consumed a major por-

tion of the attention of the trial court, and the evidence relating thereto comprises a large part of the record. It is discussed here very briefly for that it is so closely related to the question of jurisdiction over the subject-matter. The Pennsylvania Consumers Oil Company had its principal place of business in Council Bluffs, Iowa. It is contended here that Rigg was employed by it about December 18, 1930. It had two filling stations and two resale stations in Omaha, a station in Weeping Water, and one at Eagle, Nebraska. At the time, this constituted its entire business in Nebraska. The plaintiff was a painter, and it was his duty to paint stations with the colors of the Atlantic, Pacific & Gulf Oil Company as directed. He painted some of the stations above described in Nebraska, but most of his work was in Iowa. The Atlantic, Pacific & Gulf Oil Company owned a majority of the stock in the Pennsylvania company, and the record reveals that its business and that of the Atlantic, Pacific & Gulf Oil Company were not easily distinguishable. At first, the pay checks to plaintiff were from the Pennsylvania company, but later they were from the other company. The superintendent of construction who employed plaintiff testified that he worked for the Atlantic, Pacific & Gulf Oil Company. At the time of the injury, May 28, 1931, plaintiff was paid with an Atlantic, Pacific & Gulf Oil Company check, and he was painting stations their colors. He was paid compensation for 100 weeks by checks of the Atlantic, Pacific & Gulf Oil Company in Iowa. An application for a determination of the permanent disability named both companies as employer. However, it is insisted by defendant that the corporations are separate and distinct entities, and it was not the plaintiff's employer at the time of the accident. As stated, this does not seem necessary to determine for a decision of this case. If the plaintiff was employed by the Atlantic, Pacific & Gulf Oil Company, its principal place of business was in Kansas City, Missouri. If he was employed by the Pennsylvania Consumers Oil Company, its principal place of business was at Council

Bluffs, Iowa. If both companies were identical, as contended by appellant, the principal place of business of the industry conducted in Davenport, Iowa, was at Council Bluffs, Iowa, and certainly not at Omaha, Nebraska. There were only four stations in Nebraska, except stations designated as resale stations run by others selling merchandise of the company of which there were at one time ten. The number of stations in Nebraska was very small as compared to the number in Iowa. The plaintiff was injured at Davenport, Iowa.

Even assuming that the defendant was the employer at the time of the injury, the plaintiff does not, under any conclusion reached by this court from the evidence in trial *de novo,* come within the provisions of the Nebraska workmen's compensation act. The contract of employment was made in Iowa. The superintendent sent word to plaintiff to call him by telephone. At this request, Rigg called and was told that if he wished to work to come to the plant in Council Bluffs. He went to Council Bluffs and commenced his employment by painting a truck there to be used in the work. He then did some work in Omaha, but considerable more in Council Bluffs and other points in Iowa. All of the time, he was paid from the Council Bluffs office of the oil company. He reported to the superintendent in Council Bluffs, Iowa, for work. There is a suggestion that plaintiff was employed by the oil company from a headquarters at Twenty-eighth and Boyd streets in Omaha. A statement of plaintiff's account appears on a form of the Atlantic, Pacific & Gulf Oil Company, Twenty-eighth and Boyd streets, Omaha, Nebraska, but the plaintiff's name is typed as follows: "Jim Rigg, c/o A P & G Oil Co., Council Bluffs, Iowa." There is no evidence which would support a finding of fact that plaintiff was employed at and worked out of a headquarters in Omaha, Nebraska. It is concluded (1) that the contract of employment was made in Iowa, (2) that the employee was injured while working in Iowa, (3) that the work of the employee at the time of the injury was not incidental to the industry in Nebraska of the

employer. The industry conducted in Nebraska by the defendant, if any, was the operation of four filling stations. The painting of a station in Davenport, Iowa, was not incidental to the business in Nebraska.

The Nebraska workmen's compensation act is not applicable where the contract of employment was made in another state where the employee was injured in said state in the performance of duties which were not incidental to an industry conducted in this state by the employer. *Watts v. Long,* 116 Neb. 656; *Stone v. Thomson Co.,* 124 Neb. 181; *Freeman v. Higgins,* 123 Neb. 73; *Esau v. Smith Bros.,* 124 Neb. 217; *Skelly Oil Co. v. Gaugenbaugh,* 119 Neb. 698. If the employee had been injured while painting defendant's oil station in Nebraska, the case in Iowa would have been identical with the facts in *Penwell v. Anderson,* 125 Neb. 449. In that case, Good J., so clearly analyzed all the previous opinions of this court that it is unnecessary to do so again. An application of the law announced in these decisions, as reviewed in the last cited case, supports our conclusion here. The question of the extraterritorial operation of workmen's compensation acts has given the courts numerous cases. Reference is made to the annotations in 59 A. L. R. 735, 82 A. L. R. 709, and 90 A. L. R. 119, as evidencing the extent of the problems. The rights and liabilities under workmen's compensation acts are purely statutory, and the statutes of different states are not identical. We are satisfied to continue upon the course already charted by previous decisions.

These rules are decisive of this case. The relationship between the Pennsylvania and the Atlantic oil companies is immaterial, therefore, and is not decided. The same is true of the payment of compensation under the Iowa law. The extent of the injury is likewise immaterial. The judgment of the district court is followed for a different reason from that in the journal entry of the district court. Where a trial court has reached the correct decision, its judgment will not be disturbed. *State v. Dickinson,* 59 Neb. 753.

AFFIRMED.