MARY A. JENSEN, APPELLANT, V.
FLOAIR, INC., APPELLEE.
318 N.W.2d 870

Filed April 30, 1982. No. 44078.

John B. Ashford of Bradford, Coenen & Ashford, for appellant.

Douglas L. Kluender of the Healey Law Office, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and HASTINGS, JJ.

McCOWN, J.

This is a workmen's compensation case in which the Nebraska Workmen's Compensation Court dismissed plaintiff's petition against the defendant, Floair, Inc. Plaintiff has appealed.

In 1970, following his retirement from the Navy, Clifford Jensen sought a job as an aircraft pilot. In 1971 Jensen applied in person to Floair, Inc., at its offices in Wichita, Kansas, and made test flights. On December 26, 1971, Floair telephoned Jensen at his home in Bellevue, Nebraska, and offered him a position as a pilot for the defendant. Jensen accepted the offer by telephone, and the next day went to Wichita, Kansas, and began work for the defendant. Thereafter, Jensen continued to work for Floair

as a ferry pilot, primarily in connection with international deliveries.

On October 31, 1977, Jensen was assigned to deliver an airplane to Sydney, Australia. Upon his return from Australia, Jensen was a passenger on a commercial flight which was routed through Denver, Colorado. While Jensen was at Denver's Stapleton Airport on November 10, 1977, Jensen suffered a fatal heart attack.

Jensen's widow, the plaintiff, filed this action under the Nebraska workmen's compensation laws on November 9, 1979, alleging that the decedent's heart attack arose out of and in the course of his employment with Floair. In particular, the plaintiff contends that the decedent's heart attack was due to work-related strain while piloting the plane to Australia and on the return trip from that destination.

The defendant's answer alleged that the Nebraska Workmen's Compensation Court did not have jurisdiction to determine the dispute, and that the death of Clifford Jensen did not arise out of and in the course of his employment with defendant, and requested dismissal of the petition.

The evidence established that Floair, Inc., is a Kansas corporation which maintains its business offices in Wichita, Kansas, and operates two major divisions, one of ferrying aircraft to various international and domestic destinations and the other of maintaining fixed-base operation activities. It has no business offices, hangars, or other facilities in any state other than Kansas. At the time of Jensen's death, Floair did no business in Nebraska, maintained no agents or agencies in Nebraska, and did not deliver any planes to Nebraska. The president of Floair testified that, in his memory, none of its pilots had ever delivered a plane to Nebraska. Most pilots employed by Floair lived in the area of Wichita, Kansas, but a few lived in other areas. All

flight assignments are made in Wichita. Jensen was employed in the international division of the ferrying operation. Ordinarily, a Floair ferry pilot would pick up an airplane at either a factory or some other location and ferry it to Wichita where test flights were conducted. A pilot would then ferry the plane to its destination overseas and return to Wichita on a commercial air flight after completing the delivery.

At the initial hearing in the Nebraska Workmen's Compensation Court, the court determined that it had jurisdiction of the case under Neb. Rev. Stat. § 48-115(2)(c) (Reissue 1978) because the initial contract of employment was accepted by telephone in Nebraska in 1971, but the court determined that the plaintiff had failed to sustain her burden of proving that the decedent's death arose out of and in the course of his employment by Floair, and dismissed plaintiff's petition.

Upon rehearing before a three-judge panel of the court, the panel found that a 1973 amendment to § 48-115(2), purportedly extending jurisdiction to any case in which the original contract of hire was made in Nebraska, had no retroactive effect. The court then determined that it was without jurisdiction to hear the case, and that it was unnecessary to decide whether Jensen's death arose out of his employment. The court again dismissed plaintiff's petition, and this appeal followed.

The plaintiff contends that because Jensen's original contract of hire in 1971 was concluded by his telephone acceptance in Nebraska, the Nebraska Workmen's Compensation Court has jurisdiction under § 48-115(2).

In workmen's compensation cases in the area of conflict of laws, the principal problem is what range of application to persons and things outside the state will be given by a state to its own workmen's com-

pensation statute. Restatement (Second) of Conflict of Laws § 181 (1971) states the permissible range of territorial application of workmen's compensation law: "A State of the United States may consistently with the requirements of due process award relief to a person under its workmen's compensation statute, if

"(a) the person is injured in the State, or

"(b) the employment is principally located in the State, or

"(c) the employer supervised the employee's activities from a place of business in the State, or

"(d) the State is that of most significant relationship to the contract of employment with respect to the issue of workmen's compensation under the rules of §§ 187-188 and 196, or

"(e) the parties have agreed in the contract of employment or otherwise that their rights should be determined under the workmen's compensation act of the State, or

"(f) the State has some other reasonable relationship to the occurrence, the parties and the employment." Sections 187 and 188 are not materially relevant here.

Section 196 provides: "The validity of a contract for the rendition of services and the rights created thereby are determined, in the absence of an effective choice of law by the parties, by the local law of the state where the contract requires that the services, or a major portion of the services, be rendered, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the transaction and the parties, in which the [sic] event the local law of the other state will be applied." Section 6 sets out general choice of law principles and is not directly material here.

Under the evidence in the case at bar, a major portion of Jensen's services were to be performed in

Kansas, and virtually all other significant relationships of the employer and the employment were in Kansas. The only relationship which Nebraska had to the contract of employment was the fact that Jensen accepted the initial contract of employment by telephone in 1971 in Nebraska.

This court has consistently held that the Workmen's Compensation Act of Nebraska is not applicable to a nonresident employer and resident employee where the contract of employment was made in this state for services to be performed in another state and the employer was not, at the time of the contract, engaged in any trade, business, profession, or vocation in this state. *Watts v. Long,* 116 Neb. 656, 218 N.W. 410 (1928). See, also, *Freeman v. Higgins,* 123 Neb. 73, 242 N.W. 271 (1932); *Rigg v. Atlantic, Pacific & Gulf Oil Co.,* 129 Neb. 412, 261 N.W. 900 (1935).

The Workmen's Compensation Court proceeded on the premise that the basic jurisdictional issue was to be determined by whether the contract of hire provision of § 48-115(2) was applicable to this case. Neither party has, therefore, briefed or argued conflict of laws jurisdictional issues. We note that § 48-115(2) applies only to "an employee subject to this act," and refers to "Every person in the service of an employer . . . as described in section 48-106 . . . ." Neb. Rev. Stat. § 48-106 (Reissue 1978) provides in part that the provisions of the Workmen's Compensation Act shall apply "to every employer in this state, including nonresident employers *performing work in the State of Nebraska.*" (Emphasis supplied.) That language has remained unchanged since 1957. The evidence in the present case is clear that the employer defendant was not engaged in business or performing work in Nebraska at any time.

We have held that the Nebraska Workmen's Compensation Act is not applicable where a resident em-

ployee's employment by a nonresident employer for services to be performed outside the State of Nebraska was neither in nor incidental to any trade, business, profession, or vocation carried on by the employer in this state. See *Freeman v. Higgins, supra.*

While the reasons given by the Workmen's Compensation Court for rejecting jurisdiction may have been erroneous, the determination that the Nebraska Workmen's Compensation Court did not have jurisdiction in this case was correct.

The judgment of the Workmen's Compensation Court is affirmed.

AFFIRMED.

WHITE, J., participating on briefs.

BRODKEY, J., Retired, dissenting.

I must strongly dissent because I am convinced that the majority opinion is clearly wrong. Not only does it ignore the plain words of the amendment to the workmen's compensation laws of this state, enacted by the Legislature in 1973 in L.B. 150, but it also incorrectly applies the applicable law with reference to that amendment, and relies upon cases decided before the adoption of that amendment.

At the outset, I wish to point out that there are no conflict of law questions (in the sense of whether the law of Nebraska, Kansas, or Colorado applies), nor any constitutional questions involved in this case; and none were raised in the court below, either in the one-judge hearing or in the rehearing before the three-judge panel, and none are raised by the parties on appeal to this court. The sole question involved in this appeal is whether the statutory law of Nebraska on the date of the hiring of Jensen or on the date of his accident or injury should be applied. Under the authorities hereinafter cited, there can be no question but that the latter is correct.

The following chronology of events is important in the decision of this case, and there is no dispute in

the record about them. (1) Clifford Jensen was employed by the defendant, Floair, Inc., in 1971, the contract being concluded in Bellevue, Nebraska, over the telephone; (2) The Nebraska workmen's compensation statute, Neb. Rev. Stat. § 48-115(2)(c) (Reissue 1978), was enacted and became law in 1973, that statute providing, among other things: "If an employee subject to this act suffers an injury on account of which he or, in the event of his death, his dependents would otherwise have been entitled to the benefits provided by this act, the employee or, in the event of his death, his dependents shall be entitled to the benefits provided under this act if the injury or injury resulting in death occurred within this state, *or if at the time of such injury* (a) the employment was principally localized within this state, (b) the employer was performing work within this state, or (c) *the contract of hire was made within this state*" (emphasis supplied); (3) The decedent suffered a fatal heart attack on November 10, 1977, at Denver's Stapleton Airport; (4) The plaintiff filed this action under the Nebraska workmen's compensation laws on November 9, 1979. It is to be noted that both Jensen's injury and the filing of the lawsuit occurred after the amendment of the Nebraska workmen's compensation laws. Only his hiring preceded the amendment referred to.

In the first hearing of the matter in the Nebraska Workmen's Compensation Court, Judge Novicoff, before whom the matter was heard, stated in his order of dismissal: "There are two issues to be determined in this case. The first issue is that of jurisdiction. In 1973, the Nebraska Workmen's Compensation Law was amended to provide additional bases of jurisdiction for the operation of the Nebraska Workmen's Compensation Law. One basis for jurisdiction was if the contract of hire was made within the State of Nebraska. The evidence is that the decedent entered in to a contract of hire with the de-

fendant when he was called from Kansas over the telephone by the defendant while the decedent was at his home in Nebraska. The contract of hire was entered into over the telephone. Since the acceptance of the offer of employment was in Nebraska, the Court finds that it is the place of acceptance which governs and therefore, the contract of hire was made within the State of Nebraska and this Court does have jurisdiction. The Court specifically finds, however, that by taking jurisdiction, the court does not imply that there may not be concurrent jurisdiction in a sister state.''

On rehearing, the case was heard before a three-judge panel, which in its dismissal on rehearing stated: "It is conceded that the hiring of Mr. Jensen occurred prior to the enactment of the addendum to Section 48-115(2) quoted above. It therefore becomes necessary to determine whether the enactment was primarily procedural in nature and therefore operative as to all injuries and diseases occurring after its effective date, regardless of the date of hiring, or whether it is primarily substantive in nature and therefore operative only to cases in which the *hirings* occurred after its effective date. We conclude that the amendment was primarily substantive in nature in that it extended the extraterritorial operation of the compensation act.'' The court based its decision on certain Nebraska cases decided long before the enactment of the amendment referred to. The court then continued: "Having reached the conclusion that part (c) of the previously quoted amendment to Section 48-115(2) has no retroactive effect, it becomes unnecessary to determine whether the contract of employment was made in Nebraska, as claimed by the plaintiff, or in Kansas, as claimed by the defendant. Similarly, it is unnecessary to decide whether Mr. Jensen's death arose out of his employment.

"The Order of Dismissal hereinbefore entered on

April 10, 1980, by Judge Ben Novicoff should be modified to conform to the findings herein made."

The three-judge panel was clearly wrong in its ruling on rehearing that § 48-115(2)(c) operates only for those cases in which the contract of hire was entered into after the effective date of the amendment. The general rule is well established in a majority of jurisdictions that the law in force *at the time of the injury or accident* governs the right to, or liability for, compensation, in the absence of any provisions of the contrary effect. 99 C.J.S. *Workmen's Compensation* § 21 (1958); 81 Am. Jur. 2d *Workmen's Compensation* § 89 (1976). In other words, the law which must control the right to compensation is that law which is in effect *at the time the right to compensation springs into existence.* In *Chadd v. Western Cas. & Sur. Co.,* 166 Neb. 483, 89 N.W.2d 586 (1958), this court determined that the time for which wages were to be recompensed under Neb. Rev. Stat. § 48-126 (Reissue 1978) of the compensation act was at the time of the accident under the contract of hiring in force. "It is apparent that all calculations were intended by the Legislature to have reference to wages, percentages, and results as of the time of the injury." *Id.* at 491, 89 N.W.2d at 591. In this case, Jensen's injury occurred years after the adoption and effective date of the amendment previously referred to. It was clearly the intention of the Nebraska Legislature in adopting L.B. 150, amending § 48-115, as set out above, to extend the extraterritorial operation of the Nebraska Workmen's Compensation Act to all contracts of hire made within the state, without any qualification that the employer be a resident of Nebraska, perform services in Nebraska, or be engaged in any trade or business in this state. L.B. 150, 83d Leg., 1st Sess. (1973), was introduced by Senator John Cavanaugh who, in his "Statement of Purpose" contained in the legislative history of that bill, stated: "The following consti-

tute my reasons for this bill and the purposes which are sought to be accomplished thereby: The intent of LB 150 is to provide for additional bases of jurisdiction for workmen's compensation cases so that the state could take jurisdiction if the employment was principally localized in Nebraska, if the contract of hire was made in Nebraska, or the injury occurs in Nebraska, in addition to present jurisdictional bases." Likewise, the report on L.B. 150 made by the Committee on Labor makes the same statement as that set out above.

The majority opinion also argues that Neb. Rev. Stat. § 48-106 (Reissue 1978) provides in part that the provisions of the Workmen's Compensation Act shall apply "to every employer in this state, including nonresident employers *performing work in the State of Nebraska*" (emphasis supplied), and also that that language has remained unchanged since 1957. It is interesting to note, however, that in another section of the Nebraska Workmen's Compensation Act the term "performance of work" is defined as follows: "For purposes of this section, performance of work shall include but not be limited to situations in which (i) the injury or injury resulting in death occurred within this state, (ii) the employment was principally localized within this state, or (iii) the contract of hire was made within this state." Neb. Rev. Stat. § 48-175.01 (Reissue 1978). This is practically the identical language used in the previously referred to amendment.

Although as previously stated no issue was made either in the Workmen's Compensation Court or in this court with reference to problems of conflict of laws, and the issue should therefore not be discussed in this case, nevertheless, the majority opinion does refer to and cite various matters relating to conflict of laws. Much has been written upon the subject of conflict of laws in workmen's compensation cases, and it is clear that many and varied rules have been

suggested and adopted in that regard. The National Commission on State Workmen's Compensation Laws has endeavored to unify the rule which frequently arises in various jurisdictions with reference to their workmen's compensation laws. We note that in The Report of The National Commission on State Workmen's Compensation Laws, Part II, *Evaluations & Recommendations* at 48 (July 1972), the following appears: "We recommend that an employee or his survivor be given the choice of filing a workmen's compensation claim in the State where the injury or death occurred, or where the employment was principally localized, or where the employee was hired." Here, again, is the identical language used in the Nebraska Workmen's Compensation Act.

Finally, we point out that in construing the Workmen's Compensation Act, it has long been the policy of this court to give a liberal construction to it so that its beneficent purposes may not be thwarted by technical refinements of interpretation. *Spiker v. John Day Co.,* 201 Neb. 503, 270 N.W.2d 300 (1978); *Marlow v. Maple Manor Apartments,* 193 Neb. 654, 228 N.W.2d 303 (1975). In *Dobesh v. Associated Asphalt Contractors,* 138 Neb. 117, 119-20, 292 N.W. 59, 60 (1940), we stated: "In all questions under the workmen's compensation law, it is our duty to avoid rules of technical construction as much as possible, and to determine the intention of the Legislature from the language of the act as a whole, rather than from the loose words or phrases of isolated paragraphs." Likewise, in *Union Packing Co. v. Klauschie,* 210 Neb. 331, 336, 314 N.W.2d 25, 29 (1982), we stated: " ' "The primary purpose of the workmen's compensation act is to insure an employee against accidental injury arising out of and in the course of his employment. To accomplish this purpose the act should be liberally construed, not to find that liability exists without the required quantum of proof,

but to include within the protection of the act by liberal interpretation all injuries arising out of and in the course of the employment which the act does not clearly exclude. A strict interpretation should not be resorted to in order to accomplish such exclusion." ' " See, also, *White v. Western Commodities, Inc.*, 207 Neb. 75, 295 N.W.2d 704 (1980). If there ever was a case in which the foregoing rules should apply, it is the instant case.

I am firmly convinced that Judge Novicoff was correct in his finding that the Nebraska Workmen's Compensation Court had *jurisdiction* of this case under the 1973 amendment to the Nebraska workmen's compensation statutes, and that the court on rehearing erred in holding that § 48-115(2)(c) operated only as to cases in which the contract of hire was entered after the effective date of the amendment. However, since it is clear from the record that the court on rehearing made no findings or decision on the merits of the case, the question of liability should be remanded for a hearing in that court on that issue alone. I would do so.