MARY A. JENSEN, APPELLANT, V. FLOAIR, INC.,
APPELLEE.

326 N.W.2d 19

Filed November 5, 1982. No. 44078.

John B. Ashford of Bradford, Coenen & Ashford, for appellant.

Douglas L. Kluender of The Healey Law Office, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

KRIVOSHA, C.J.

This is an appeal from an order entered by the Nebraska Workmen's Compensation Court dismissing appellant Mary A. Jensen's petition. This court previously heard argument in this case and issued an opinion which is found at 211 Neb. 403, 318 N.W.2d 870 (1982). Following the release of our opinion, the appellant filed a motion for rehearing. We granted a rehearing in this case and now determine that although the basis upon which the Nebraska Workmen's Compensation Court dismissed appellant's petition was in error, the result was correct. Accordingly, then, we affirm the judgment of the Nebraska Workmen's Compensation Court in dismissing Jensen's petition. Our previous opinion in *Jensen v. Floair, Inc.*, 211 Neb. 403, 318 N.W.2d 870 (1982), is withdrawn and this opinion substituted in its place.

The relevant facts in this case are not generally in dispute. In 1970, following his retirement from the Navy, Clifford Jensen sought a job as an aircraft pilot. In 1971 Jensen applied in person to the appellee, Floair, Inc., at its offices in Wichita, Kansas, and made test flights. On December 26, 1971, Floair telephoned Jensen at his home in Bellevue, Nebraska, and offered him a position as a pilot. Jensen accepted the offer by telephone, and the next day went

to Wichita, Kansas, and began work for Floair. Thereafter, Jensen continued to work for Floair as a ferry pilot, primarily in connection with international deliveries.

On October 31, 1977, Jensen was assigned to deliver an airplane to Sydney, Australia. Upon his return from Australia, Jensen was a passenger on a commercial flight which was routed through Denver, Colorado. On November 10, 1977, while Jensen was awaiting a flight at Denver's Stapleton Airport, he suffered a fatal heart attack.

Jensen's widow filed this action under the Nebraska workmen's compensation laws on November 9, 1979, alleging that Jensen's heart attack arose out of and in the course of his employment with Floair. In particular, she contends that her husband's heart attack was due to work-related strain while piloting the plane to Australia and on the return trip from that destination.

Floair's answer alleged that the Nebraska Workmen's Compensation Court did not have jurisdiction to determine the dispute, and that the death of Jensen did not arise out of and in the course of his employment with Floair, and requested dismissal of the petition.

It is without dispute that Floair, Inc., is a Kansas corporation which maintains its business offices in Wichita, Kansas, and operates two major divisions, one of ferrying aircraft to various international and domestic destinations and the other of maintaining fixed-base operation activities. It has no business offices, hangars, or other facilities in any state other than Kansas. At the time of Jensen's death, Floair did no business in Nebraska, maintained no agents or agencies in Nebraska, and did not deliver any planes to Nebraska. The president of Floair testified that, in his memory, none of its pilots had ever delivered a plane to Nebraska. Most pilots employed by Floair lived in the area of Wichita, Kan-

sas, but a few lived in other areas. All flight assignments are made in Wichita. The record was clear that except for the telephone call between Floair and Jensen, Floair has had no contacts in the State of Nebraska.

At the initial hearing in the Nebraska Workmen's Compensation Court, the court determined that it had jurisdiction of the case under Neb. Rev. Stat. § 48-115(2)(c) (Reissue 1978) because the initial contract of employment was accepted by telephone in Nebraska in 1971. Section 48-115(2) provides in part as follows: "If an employee subject to this act suffers an injury on account of which he or, in the event of his death, his dependents would otherwise have been entitled to the benefits provided by this act, the employee or, in the event of his death, his dependents shall be entitled to the benefits provided under this act if the injury or injury resulting in death occurred within this state, or if at the time of such injury . . . (c) the contract of hire was made within this state." After determining that it had jurisdiction, however, the court found that Jensen had failed to sustain her burden of proving that her husband's death arose out of and in the course of his employment, and dismissed her petition.

Upon rehearing before a three-judge panel of the court, the court found that the 1973 amendment to § 48-115(2), purportedly extending jurisdiction to any case in which the original contract of hire was made in Nebraska, and cited above, had no retroactive effect. The court then determined that it was without jurisdiction to hear the case, and that it was unnecessary to decide whether Jensen's death arose out of his employment. The court again dismissed appellant's petition, and this appeal followed.

Jensen contends that because the original contract of hire entered into in 1971 was concluded by a telephone acceptance in Nebraska, the provisions of § 48-115(2)(c) apply. We need not, however, reach

that issue in the instant case because the record discloses that even if the contract of hire had been entered into in Nebraska within the meaning of § 48-115(2)(c), Floair is not subject to the provisions of the Nebraska Workmen's Compensation Act.

Except as provided under the Second Injury Fund, Neb. Rev. Stat. § 48-128 (Reissue 1978), a minimum of two parties is generally necessary for the provisions of the Nebraska workmen's compensation law to apply, i.e., a statutory employee and a statutory employer. The definition of a statutory employee under the Nebraska Workmen's Compensation Act is set out in § 48-115 and now does include an individual for whom the contract of hire was made within this state. The definition of a statutory employer is found by reading Neb. Rev. Stat. § 48-114 (Reissue 1978) with Neb. Rev. Stat. § 48-106 (Reissue 1978).

The purpose of amending § 48-115(2) to include subsection (c) is obvious from the legislative history. Prior to the adoption of § 48-115(2)(c), this court had held that the Nebraska Workmen's Compensation Act was not applicable to a nonresident employer and a resident employee where the contract of employment was made in this state for services to be performed in another state and the employer was not, at the time of the contract, engaged in any trade, business, profession, or vocation in this state. See *Watts v. Long,* 116 Neb. 656, 218 N.W. 410 (1928). See, also, *Freeman v. Higgins,* 123 Neb. 73, 242 N.W. 271 (1932); *Rigg v. Atlantic, Pacific & Gulf Oil Co.,* 129 Neb. 412, 261 N.W. 900 (1935). What the Legislature was attempting to do in amending § 48-115, and in redefining a statutory employee, was to fill a gap which heretofore existed in the Nebraska workmen's compensation law. Unfortunately, however, its effort in amending § 48-115 was insufficient to accomplish the purpose. The reason is clear.

As we indicated at the outset, in most compensa-

tion cases under the Nebraska act, there must be at least one statutory employee and one statutory employer. The Nebraska Workmen's Compensation Act, except for the Second Injury Fund, is not designed to provide payment from the state, without a responsible employer. Except where the state is the employer, the state is not the party which makes the payment under the Nebraska Workmen's Compensation Act. The statutory employer is the party. Having determined that one is an employee under the act does not end the examination. One must also find a statutory employer. Section 48-114 defines employer as follows: "The following shall constitute employers *subject to the provisions of this act:* (1) The state and every governmental agency created by it; and (2) every person, firm or corporation, including any public service corporation, who is engaged in any trade, occupation, business or profession as described in section 48-106, and who has any person in service under any contract of hire, express or implied, oral or written." (Emphasis supplied.) Section 48-106(1) provides: "The provisions of this act shall apply to the State of Nebraska and every governmental agency created by it, and to every employer in this state, *including nonresident employers performing work in the State of Nebraska,* employing one or more employees, in the regular trade, business, profession, or vocation of such employer, except railroad companies engaged in interstate or foreign commerce." (Emphasis supplied.) Neither § 48-106 nor § 48-114 was amended at the same time that § 48-115 was amended. Therefore, while one entering into a contract of hire in this state for work to be performed elsewhere, standing alone, may be a statutory employee under the provisions of § 48-115(2)(c), unless the employer, who is a nonresident, is performing work in this state, employing one or more employees in the regular trade, business, profession, or vocation of such employer,

it is not a statutory employer as defined by §§ 48-114 and 48-106(1). The effect of that is clear from the act itself. Neb. Rev. Stat. § 48-101 (Reissue 1978) specifically provides: "When personal injury is caused to an employee by accident or occupational disease, arising out of and in the course of his or her employment, such employee shall receive compensation therefor from his or her *employer* if the employee was not willfully negligent at the time of receiving such injury." (Emphasis supplied.) For the purpose of the Nebraska Workmen's Compensation Act, the terms "employer" and "employee" are not words of common understanding but, rather, of statutory definition. Absent a statutory employer, the provisions of § 48-101 have no application.

Both parties suggest that the definition of "employer" was amended by reason of the amendment to Neb. Rev. Stat. § 48-175.01 (Reissue 1978). A reading of that section, however, will not support that position. Section 48-175.01 merely establishes a procedure for serving nonresident employers. It does not, however, in any manner, affect the definition of "employer." While this may not have been the result the Legislature intended to accomplish, the courts are without authority to fill the gaps created by the Legislature's failure to fully perform the action necessary to amend a statute. See, *Bessey v. Board of Educational Lands & Funds,* 185 Neb. 801, 178 N.W.2d 794 (1970); *State ex rel. Belker v. Board of Educational Lands & Funds,* 185 Neb. 270, 175 N.W.2d 63 (1970) (Carter, J., dissenting). Finding, therefore, that there is no statutory employer, we are compelled to find that the provisions of the Nebraska Workmen's Compensation Act have no application in the instant case, and that the action of the Nebraska Workmen's Compensation Court in dismissing the petition was correct.

The judgment of the Nebraska Workmen's Com-

pensation Court is affirmed.

AFFIRMED.

McCOWN, J., concurs in the result.