Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/05/2019 09:08 AM CDT

Abdi Hassan, appellant, v. Trident Seafoods and
Liberty Mutual Insurance, its workers'
compensation insurer, appellees.

___ N.W.2d ___

Filed January 11, 2019.    No. S-18-255.

1. **Workers' Compensation: Appeal and Error.** An appellate court is obligated in workers' compensation cases to make its own determinations as to questions of law.
2. ____: ____. Determinations by a trial judge of the Workers' Compensation Court will not be disturbed on appeal unless they are contrary to law or depend on findings of fact that are clearly wrong in light of the evidence.
3. **Workers' Compensation: Jurisdiction: Statutes.** As a statutorily created court, the Workers' Compensation Court is a tribunal of limited and special jurisdiction and has only such authority as has been conferred on it by statute.
4. **Workers' Compensation: Employer and Employee: Statutes.** Under the Nebraska Workers' Compensation Act, in most compensation cases, there must be at least one statutory employer and one statutory employee for the compensation court to acquire jurisdiction.
5. **Workers' Compensation: Employer and Employee: Statutes: Words and Phrases.** For the purpose of the Nebraska Workers' Compensation Act, the terms "employer" and "employee" are not words of common understanding, but, rather, of statutory definition.

Appeal from the Workers' Compensation Court: Thomas E. Stine, Judge. Affirmed.

Travis Allan Spier, of Atwood, Holsten, Brown, Deaver & Spier Law Firm, P.C., L.L.O., for appellant.

Robert Kinney-Walker, of Law Office of James W. Nubel, for appellees.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg JJ.

Miller-Lerman, J.

## NATURE OF CASE

On July 21, 2015, appellant Abdi Hassan sustained a work-related injury in the course of his employment with appellee Trident Seafoods at Trident Seafoods' Alaska plant. Hassan was a Nebraska resident when he was hired by Trident Seafoods, a State of Washington corporation without a permanent presence in Nebraska. Although Hassan received certain benefits in Alaska, he later filed a petition in the Nebraska Workers' Compensation Court. The sole issue before us is whether the Nebraska Workers' Compensation Court correctly determined that it lacked jurisdiction and dismissed his claim. Because we agree with the Nebraska Workers' Compensation Court that Trident Seafoods was not a statutory employer subject to the Nebraska Workers' Compensation Act, we affirm.

## STATEMENT OF FACTS

Hassan resided in Lexington, Nebraska, and worked as a meat trimmer at a meat processing plant. In 2015, Hassan learned from a friend that Trident Seafoods was hiring and, with the friend's help, he completed an online application. He then attended an in-person recruitment event hosted by Trident Seafoods at a hotel conference facility in Omaha, Nebraska. Trident Seafoods rented conference space for the event, and Hassan met and interviewed with several of Trident Seafoods' employees. Trident Seafoods did not employ workers in Nebraska year round, but it sent a recruitment team to Nebraska to recruit seasonal workers one or two times each year from 2013 through 2016. Trident Seafoods hires employees from all over the country to staff its operations in the Pacific Northwest and Alaska.

At the event in Omaha, Hassan completed an onsite drug test administered by Trident Seafoods employees. Hassan recalled observing around six Trident Seafoods employees at the recruitment event. However, Trident Seafoods maintains that the number of recruiters was fewer than six. After he returned home from the recruitment event, Hassan remained in contact with Trident Seafoods and continued to move forward with the online employment application process. On June 8, 2015, Hassan executed a contract for hire in Seattle, Washington, and was hired as a seafood processor for the upcoming season.

While working in Alaska, Hassan suffered a low-back injury. Alaska's Department of Labor and Workforce Development (Alaska Department) established a case file for Hassan's injuries. Trident Seafoods' Alaska workers' compensation insurer, Liberty Mutual Insurance, accepted Hassan's claim and paid over $30,000 in medical expenses and indemnity to Hassan, based on Alaska law.

Hassan's work injuries resulted in permanent physical restrictions which prevent him from returning to his preaccident work capacity level. Following his injury, Hassan returned to Lexington.

The Alaska Department referred Hassan to a rehabilitation specialist in Nebraska who evaluated him and determined that Hassan met the requirements necessary to receive reemployment benefits under Alaska workers' compensation law. On December 1, 2016, the Alaska Department sent Hassan a letter to inform him he was eligible for reemployment benefits. The letter indicated that he could elect to receive reemployment benefits. The letter noted that if Hassan failed to complete the required form within 30 days after receipt of the letter, the reemployment benefits would terminate. Hassan did not complete the required form, and the Alaska Department deemed him noncooperative.

On March 16, 2017, Hassan filed a petition in the Nebraska Workers' Compensation Court and claimed benefits under the Nebraska Workers' Compensation Act. Trident Seafoods and

Liberty Mutual Insurance denied that the Nebraska Workers' Compensation Court had jurisdiction and moved to dismiss.

The compensation court held a hearing and admitted evidence including personnel records, email records, indemnity payment summaries, employment policies, discovery responses, and transcripts of depositions taken of Hassan and of a senior recruiter at Trident Seafoods. In a written order, filed February 14, 2018, the compensation court dismissed Hassan's petition for lack of jurisdiction.

The compensation court found that Trident Seafoods was not a statutory employer under Neb. Rev. Stat. § 48-106(1) (Reissue 2010), because Trident Seafoods was not performing work in Nebraska. The written order noted that Trident Seafoods' primary business operation is the manufacturing and production of seafood and that recruiting workers in Nebraska is not "performing work" as understood under § 48-106(1).

The compensation court also concluded that Hassan was not a statutory employee under Neb. Rev. Stat. § 48-115(2)(c) (Reissue 2010). The compensation court noted that the online correspondence between Hassan and Trident Seafoods was preliminary to the contract of hire executed on June 8, 2015, in Seattle and that thus, Hassan's contract for hire was not made in Nebraska.

Hassan appeals.

ASSIGNMENTS OF ERROR

Hassan claims, summarized and restated, that the compensation court erred when it concluded that it did not have jurisdiction and dismissed the case.

STANDARDS OF REVIEW

Under Neb. Rev. Stat. § 48-185 (Cum. Supp. 2016), the judgment made by the compensation court shall have the same force and effect as a jury verdict in a civil case and may be modified, reversed, or set aside only upon the grounds that (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud;

(3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. *Bower v. Eaton Corp.*, 301 Neb. 311, 918 N.W.2d 249 (2018).

[1] An appellate court is obligated in workers' compensation cases to make its own determinations as to questions of law. *Id*.

[2] Determinations by a trial judge of the Workers' Compensation Court will not be disturbed on appeal unless they are contrary to law or depend on findings of fact that are clearly wrong in light of the evidence. *Id*.

## ANALYSIS

[3-5] As a statutorily created court, the Workers' Compensation Court is a tribunal of limited and special jurisdiction and has only such authority as has been conferred on it by statute. *Id*. Under the Nebraska Workers' Compensation Act, in most compensation cases, including the one before us, there must be at least one statutory employer and one statutory employee for the compensation court to acquire jurisdiction. *Jensen v. Floair, Inc.*, 212 Neb. 740, 326 N.W.2d 19 (1982). For the purpose of the Nebraska Workers' Compensation Act, the terms "employer" and "employee" are not words of common understanding, but, rather, of statutory definition. *Id*. Because the record supports the determination that Trident Seafoods is not a statutory employer under § 48-106(1), the Nebraska Workers' Compensation Act does not apply and the Nebraska Workers' Compensation Court correctly concluded that it lacked jurisdiction.

Section 48-106(1) states that the Nebraska Workers' Compensation Act applies to "every resident employer in this state" and the "nonresident employer performing work in this state who employs one or more employees in the regular trade, business, profession, or vocation of such employer."

Neb. Rev. Stat. § 48-114(2) (Reissue 2010) defines "employer" to include, in relevant part, "every person, firm,

or corporation, including any public service corporation, who is engaged in any trade, occupation, business, or profession as described in section 48-106, and who has any person in service under any contract of hire, express or implied, oral or written."

This statutory definition of employer found at § 48-114(2) by its terms incorporates § 48-106. Synthesizing these statutes, we therefore understand that to be a statutory employer subject to the Nebraska Workers' Compensation Act, the "nonresident employer [must be] performing work in this state," § 48-106(1), and the nature of that work must be "in the regular trade," § 48-106(1), of such employer. We do not believe that in the ordinary case, performing occasional tasks in Nebraska amount to a presence in Nebraska subjecting the employer to the coverage of the Nebraska Workers' Compensation Act. However, we do believe that the employer is subject to the Nebraska Workers' Compensation Act where workers, including support staff, are regularly performing work in Nebraska. See § 48-106.

As noted above, Trident Seafoods is incorporated in the State of Washington and is a "nonresident employer." Given the facts recited above and not repeated here, the evidence shows that Trident Seafoods manufactures and produces seafood; was not performing such work in this state; and did not frequently have employees either as support personnel or directly engaged in Nebraska "in the regular trade, business, profession, or vocation of such employer," § 48-106(1). Therefore, the Nebraska Workers' Compensation Act did not apply to Trident Seafoods.

Hassan contends that Trident Seafoods' recruiting activity subjected it to the Nebraska Workers' Compensation Act. We do not agree. Although Hassan showed that Trident Seafoods sent several of its recruiters to Nebraska to host occasional recruiting events, its presence in the state was incidental. And there is no claim that Trident Seafoods was a labor broker, which the appellate courts of this state have recognized as an

employer under the Nebraska Workers' Compensation Act. Compare *Morin v. Industrial Manpower*, 13 Neb. App. 1, 687 N.W.2d 704 (2004) (concluding that labor broker was employer under Nebraska Workers' Compensation Act).

The record shows that Trident Seafoods' contacts with the State of Nebraska were scant as compared with the activities identified in § 48-106(1), which establish jurisdiction over an employer. For completeness, we note our analysis undertaken pursuant to the Nebraska Workers' Compensation Act is consistent with the national trend which favors finding that state workers' compensation laws primarily cover the employee in the location of the employment relationship rather than other factors. See, e.g., 13 Arthur Larson & Lex K. Larson, Larson's Workers' Compensation Law § 143.04[1] (2017).

Having determined that Trident Seafoods is not a statutory employer, and as a result, that the Nebraska Workers' Compensation Act does not apply, we need not address Hassan's other arguments, including his assertion that he is a covered employee under § 48-115(2). In the circumstances of this case, without a statutory employer, Hassan's status as an employee is of no legal significance. See *Jensen v. Floair, Inc.*, 212 Neb. 740, 326 N.W.2d 19 (1982).

## CONCLUSION

Because Trident Seafoods is a nonresident and its limited activities in Nebraska are not within the definition of "employer" described by the Nebraska Workers' Compensation Act, the compensation court correctly determined it lacked jurisdiction and dismissed Hassan's petition for injuries sustained on the job in Alaska.

AFFIRMED.